COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


AARON L. JESTICE
                                        MEMORANDUM OPINION*
v.   Record No. 0344-97-4                  PER CURIAM
                                          JULY 8, 1997
EVELYN I. JESTICE


              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                     Stanley P. Klein, Judge

           (Jeffrey S. Sawtelle; Baldwin & Associates,
           on brief), for appellant.

           No brief for appellee.


     Aaron L. Jestice (husband) appeals the decision of the

circuit court deeming admitted certain Requests for Admission

promulgated by Evelyn I. Justice (wife).  Husband contends that

the trial court abused its discretion because there was no

prejudice to wife's case by the two-day delay in responding, the

admissions caused extreme prejudice to his case, and he lacked

notice of wife's motion to deem the requests admitted.  Upon

reviewing the record and opening brief, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

decision of the trial court.  Rule 5A:27.

           Rule 4:11 provides, in pertinent part, that
               [e]ach matter of which an admission is
               requested shall be separately set forth.  The
               matter is admitted unless, within 21 days
               after service of the request, or within such
               shorter or longer time as the court may

---

*Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney, but, unless the court shortens the time, a defendant shall not be required to service answers or objections before the expiration of 28 days after service of the bill of complaint or motion for judgment upon him.

The conduct of discovery is left to the discretion of the trial court. See Helen W. v. Fairfax County Dep't of Human Dev., 12 Va. App. 877, 887, 407 S.E.2d 25, 31 (1991). While the court is authorized to extend or shorten the period of time within which a party may respond to requests for admission, in the absence of any extension, the rule provides for no more than twenty-one days. We cannot say that the court's adherence to the period provided in the rule was an abuse of discretion.

Moreover, while husband contends that his case was severely prejudiced by the requests for admission, we find his arguments unpersuasive. Husband contends that the parties' separation agreement did not specify with absolute accuracy the cost of living index to be used to adjust the spousal support payments. The agreement provided for adjustments "by the percentage of change in the cost of living to be the same as the cost of living set out in the Department of Labor's publication on the Consumer Price Index for Urban Wage Earners, Metropolitan D.C. Area, using the 1986 issuance as the base change date." Therefore, because the parties' agreement identified with specificity the cost of living index to be used, husband's contention fails.

2

Similarly, as husband acknowledges, interest generally is assessed on unpaid spousal support, unless it would be inequitable to do so. See Alig v. Alig, 220 Va. 80, 85, 255 S.E.2d 494, 497-98 (1979). While husband asserted in the trial court that wife orally waived the cost of living increases, neither proof nor proffer in the record supports husband's claim. Husband concedes that the alleged oral agreement would be ineffective to modify the written agreement. Therefore, husband has not demonstrated prejudice sufficient to warrant reversal of the court's decision.

Husband contends that he lacked notice of wife's motion to compel. The record demonstrates that wife's counsel served the requests for admission on husband's counsel on August 14, 1996, that responses were due on September 4, 1996, and that husband's counsel filed a response on September 6, 1996, two days late. At the September 20, 1996 hearing on wife's motion to compel, wife's counsel indicated that she was not seeking to compel an answer to the first interrogatory because the requests were deemed admitted. At that same hearing, husband's counsel withdrew. However, the onus to ensure continuity with his subsequent attorney falls on husband, not wife. Therefore, husband has failed to demonstrate prejudice sufficient to warrant reversal.

Finally, husband argues that wife's motion for a Rule to Show Cause is in the nature of a motion for judgment, therefore entitling him to twenty-eight days from service within which to

respond.  That argument is without merit.  Rule 4:11 provides for an extended period for response if so allowed by the court or in the specific instances of a bill of complaint or a motion for judgment commencing an action.  The rule does not contemplate an extended period of response whenever any motion is served. Husband filed his bill of complaint on March 20, 1985, and the final decree of divorce was entered August 30, 1985.  Therefore, the twenty-eight day period for response is inapplicable.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>